# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHRISTOPHER RAY INGRAM, # 110941**                                            **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 4:12cv74-CWR-LRA**

**CAROLYN MOONEY, JANE S. MILLER,**
**RENEE R. COVERT, FRANCES S.**
**STEPHENSON, LAUDERDALE COUNTY**
**YOUTH COURT, and JUDGE VELDORE**
**YOUNG**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING
## MOONEY, MILLER, COVERT, YOUTH COURT, AND JUDGE YOUNG

BEFORE THE COURT are *pro se* Plaintiff Christopher Ray Ingram's pleadings. He is incarcerated with the Mississippi Department of Corrections and brings this action concerning visitation with his son. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Carolyn Mooney, Jane S. Miller, Renee R. Covert, Lauderdale County Youth Court, and Judge Veldore Young are dismissed. The remainder of the case will proceed.

## BACKGROUND

Ingram is serving a sentence for lustful touching of his minor daughter. He alleges that the Department of Human Services has legal custody of her and his son, while Ingram's sister Teresa Anderson has physical custody. On May 10, 2012, he initiated this action, complaining that she had informed him he could have no contact with his son "by order of Youth Court Judge, Veldore F. Young and Lauderdale County D.H.S." (Compl. at 4). In response to the news, Ingram filed a motion for Judge Young to recuse from the State court case and to reconsider the purported denial of contact.

Ingram alleges he first mailed the motion to the Lauderdale County Chancery Court for filing on June 27, 2011. Receiving no file-stamped copy, he waited almost five months to inquire into the matter. Miller is alleged to be a staff attorney with that court, who responded to him that it did not receive the motion. On November 17, he sent another copy to the court. She then returned the motion and told him it needed to be filed with the Youth Court. Nevertheless, he once again mailed the motion to the Chancery Court on December 13. This time, she forwarded the motion to the Youth Court for him.

On March 7, 2012, Ingram mailed the motion to Judge Young and the Lauderdale County Circuit Court. Covert is alleged to be a deputy clerk with the Circuit Court who then informed Ingram that because the motion concerned "a youth court matter it is not proper in our court, your paperwork was forwarded to our Youth Court." (Compl. Ex. 11). She provided him with the Youth Court's address.

On March 19 and 25, he wrote to the Youth Court and Judge Young, respectively, inquiring into the status of the motion. She responded to him by letter that the case was on interlocutory appeal to the Mississippi Supreme Court on the issue of whether the case was to be transferred. She further informed him he had supervised visitation with his son. On April 8, 2012, Ingram wrote to her again, asking "who is the person(s) that on or about 7th April 2011 told Mrs. Anderson that I was to have no contact with . . . my biological son." (Compl. Ex. 15). Ingram further asked the Judge for a copy of the "order that does not exist," as well as the order of visitation. *Id.* On April 15, 2012, he asked her for the file-stamped copy of his motion to recuse "and legal copy of the disposition of said motion" so he could appeal. (Compl. Ex. 16).

On April 22, Ingram wrote to Defendant Frances S. Stephenson informing her, "There is <u>NO</u>

Order saying I cannot contact my son" and that the order of visitation was still in effect. (Compl. Ex. 17 at 1). Ingram alleges she is an attorney who used to represent him in his criminal case. According to the Complaint, she now allegedly represents his children in the Youth Court matter. It is unclear whether she is their guardian ad litem or is an attorney for them or DHS. He claims she is violating the visitation order by denying him access to her son.

Ingram now brings this action, charging Defendants with a conspiracy to deny him "redress of grievance, due process of law and/or equal protection." (Resp. at 1).

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Ingram to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

3

MOONEY AND COVERT

Ingram alleges Mooney is the Chancery Court Clerk and she "ignored the [state] law requiring the clerk to file pleading in the proper court should said pleading be mistakenly sent to a court having no jurisdiction." (Resp. at 1). He likewise alleges Covert deprived him of his constitutional rights "by purposely, and willfully failing to file the Plaintiff's Motion in the [Circuit] court wherein the said Renee R. Covert is the Clerk, nor the court having proper jurisdiction." *Id.* at 1-2. First, he references only a State law that requires the Chancery Court to transfer a case to the Circuit Court, and *vice versa*. Second, he admits the motion was in fact forwarded by both the Chancery Court and Covert to the Youth Court. He does not dispute that this was the correct place for the motion. He fails to explain how this denied him redress of grievance, due process, or equal protection. Mooney and Covert are dismissed for failure to state a claim against them upon which relief could be granted. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g).

MILLER

Ingram alleges Miller would not file the motion in Chancery Court but rather forwarded his motion to the Youth Court. As he admits this was the correct thing for her to do, he fails to demonstrate how she denied him redress of grievance, due process, or equal protection. She, too, is dismissed for failure to state a claim against her upon which relief could be granted. This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).

YOUTH COURT

Ingram makes no allegations against the Youth Court other than it did not return a file-stamped copy to him. He does not explain how the Youth Court denied him redress, due process, or equal protection, since he admits Judge Young received and addressed the motion to recuse. The

Youth Court is dismissed for failure to state a claim upon which relief could be granted. This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).

JUDGE YOUNG

Ingram finally alleges Judge Young was the presiding judge over the custody case, in Lauderdale County Youth Court. He complains about actions taken in the course and scope of her role as judge over the State case: whether to recuse and whether she had jurisdiction to recuse.

A judge enjoys absolute immunity from a civil action when performing within her judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit announced a four factor test to determine whether a judge acted within the scope of her judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that Judge Young is absolutely immune from this lawsuit. The decisions as to whether to recuse and whether there is jurisdiction to recuse are within the normal judicial function which arose out of Judge Young's official capacity.

Furthermore, there is no indication that her actions occurred outside her chambers. The controversy undisputedly centers around a custody case that was pending before her and in direct response to a motion filed before her. Consequently, the Court finds Ingram cannot maintain this action against her.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above Defendants Carolyn Mooney, Jane S. Miller, Renee R. Covert, and Lauderdale County Youth Court should be and are hereby **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against them upon which relief could be granted. These dismissals count as a strike pursuant to 28 U.S.C. 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Judge Veldore Young should be and is hereby **DISMISSED WITH PREJUDICE** as immune. The remainder of the case will proceed.

**SO ORDERED**, this the 5th day of June, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE